ESTATE OF MORALES *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Caguas.

No. 40.—Decided February 24, 1910.

HEIRS—PARTITION OF PROPERTY—DECLARATION OF HEIRS.—Deeds of partition of property in themselves only show that the undivided property held in com-

mon no longer exists, but in no wise shows what the rights of the participants are; and for this reason it has been held that such documents are not recordable unless accompanied by the will or the judicial declaration of heirs.

Revised Civil Code—When same went into Effect—Rights of Successors—Law Applicable.—The Revised Civil Code having gone into effect on July 1, 1902, according to the certificate of the Secretary of Porto Rico found at the beginning of the Revised Statutes and Codes of Porto Rico, the partition of the inheritance left by the predecessor at his death on April 25, 1902, must be governed by the former Civil Code in force at that date.

Widow—Hereditary Rights—Law Applicable.—Although the right of a widow in the partition of the property of her deceased husband, during the time that the former Civil Code was in force, appears for the first time defined in the Revised Civil Code, where the ancestor had legitimate children who participated with the widow in his inheritance, who may be prejudiced by the hereditary rights of the widow established for the first time in the Revised Civil Code, in accordance with the exception contained in the first of the transitory provisions of this Code, the partition must be governed by the former Civil Code.

Classification of Title—Powers of Registrar—Judicial Approval of Partition.—Although the partition and division shall have been judicially approved, this would not be an obstacle to the classification thereof by the registrar before recording the same, as in the case of obligations and declarations embodied in other public and authentic documents.

Hereditary Rights—Previous Record in the Name of Ancestor.—In case A should die without descendants after his father, B, in order to record the inheritance in the name of the heir of A, his mother, C, it is necessary first to record the property in the name of the deceased A, before it can be recorded in the name of his mother, C, thereby following the provisions of the Mortgage Law and its Regulations.

Partition of Inheritance—Entry Thereof In Protocol.—The entry of partitions of inheritance in the protocol, required by the Act of Special Proceedings, approved March 9, 1905, has nothing to do with partitions made by deed executed before a notary and which for that reason are entered in the protocol of such notary before whom the participants executed the deed.

The facts are stated in the opinion.

*Mr. Lorenzo Giménez* for appellant.

Mr. Justice Figueras delivered the opinion of the court.

A deed of partition of hereditary property among the widow and legitimate children of Generoso Morales Trigo, deceased, was presented in the Registry of Property of Caguas together with other supplementary documents. This deed was executed in the town of San Lorenzo on September 7, 1908, before Lorenzo Jiménez García, an attorney and notary.

The said registrar wrote the following decision at the foot of said deed:

"The record of the foregoing document is denied on account of the following incurable defects:

"First. It does not appear from the documents presented that Teodosia Muñoz López had been declared the heir of her husband, Generoso Morales Trigo.

"Second. In the deed of the partition of the property left by the deceased Generoso Morales Trigo at his death, there is awarded to his wife, Teodosia Muñoz y López, one-third of the real and personal property of which the estate consisted in satisfaction of her widow's portion, the provisions of section 821 of the Revised Civil Code of 1902 being apparently applied in this operation, and although the said Generoso Morales Trigo, from whom the estate in question was derived, died on April 24, 1902, said Civil Code had not been published at that time and it cannot be assumed that said Code could be in force without such requisite. This opinion is borne out in part by the certificate signed by the Secretary of Porto Rico which appears at the beginning of the column containing the Revised Statutes and Codes of Porto Rico compiled under the provisions of the act entitled 'An Act to provide for the compilation, rearrangement and publication of the Codes and other laws,' passed at the second session of the Legislative Assembly of Porto Rico, and approved March 1, 1902, in which certificate the Secretary of Porto Rico affirms that the said volume contains among other laws and codes, the Civil Code in effect on and after the first day of July, 1902, but as the Civil Code had not been published on the last date mentioned, in the uncertainty as to whether such Code could be in force and have a retractive effect, the Legislative Assembly of Porto Rico on February 24, 1903, by the act relating to the validity of certain contracts, decreed, 'that all conveyances of real estate, wills, etc., and in general all acts and contracts  *  *  *  that may have been executed or drawn on and after the first day of March 1902, or on or prior to the first day of January, 1903,' were valid. This declaration means that all such acts or contracts referred to in said act executed on or prior to January 1, 1903, in accordance with the Civil Code of 1889, are valid, wherefore the latter Civil Code was in force until 1903, and in the partition of the property left by the intestate, Generoso Morales Trigo, his widow, Teodosia Muñoz y López, should have been awarded in payment of her widow's portion an interest in usufruct equal to that corresponding by way of legal portion to each of the legitimate children or equal to all that which each

of her children inherited, in accordance with the provisions of article 834 of the Civil Code of 1889, and the decision of the Directorate of Registries and Notarial Offices of June 14, 1897.

"Third. By said deed of partition there is awarded to Teodosia Muñoz López property which her daughter, Rosa María Morales Muñoz had inherited from her father, Generoso Morales Trigo, from whom the estate had been derived, on the ground that the said Rosa María Morales had died intestate on January 4, 1907, without having left any descendants; but, as may be observed, the latter having died after her father, Generoso Morales Trigo, such property must first be recorded in the name of said deceased, Rosa María Morales Muñoz, before being recorded in the name of the person to whom awarded, Teodosia Muñoz López, in accordance with the provisions of article 20 of the Mortgage Law in force, article 85 of the Regulations for its execution and a decision of the Directorate of Registries and Notarial Offices of November 26, 1875; because it is impossible to confuse in a partition the estate of Generoso Morales Trigo with the estate of Rosa María Morales y Muñoz.

"Fourth. By the same deed of partition there was awarded to Jaime de Jesús Vila y Morales and to Amparo Vila y Morales, property which their mother, Josefa Morales Muñoz, had inherited from the father of the latter, Generoso Morales Trigo, from whom said estate had been derived, on the ground that the said Josefa Morales Muñoz had died intestate on September 8, 1903, without leaving other descendants, and that, therefore, they succeed their grandfather, Generoso Morales Trigo, by right of representation of their said mother; but, as will be observed, said Josefa Morales Muñoz, having died after her father, Generoso Morales Trigo, such property should have been first recorded in the name of Josefa Morales Muñoz, before being recorded in the names of Jaime de Jesús and Amparo Vila y Morales, to whom it had been awarded, pursuant to the provisions of article 20 of the Mortgage Law in force, article 85 of the Regulations for the execution of said law, and according to a decision of the Directorate of Registries and Notarial Offices of November 16, 1875, because it is not possible to mix the estate of Generoso Morales Trigo with the estate of Josefa Morales Muñoz, with respect to which her husband, Delfín Vila Santana, is also an heir, together with their children, the said Jaime de Jesús and Amparo Vila y Morales; a cautionary notice having been entered effective for a period of 120 days in view of other documents and with respect to two rural estates, one of 29.25 *cuerdas* and the other of 12.5 *cuerdas*, situated in *barrio* "Quebrada Honda," in the Municipal District of San Lorenzo, at folios 81, reverse side,

and 155 of volumes 7 and 10 of the *ayuntamiento* of San Lorenzo, estates Nos. 361 and 531, record letter A, with the following additional curable defects: First, The certified copy of the declaration of heirs of Generoso Morales Trigo does not state that such declaration has become final and that no appeal whatsoever has been taken therefrom; second, Nor does the declaration of heirs of Josefa Morales Muñoz show that said declaration has become final and that no appeal therefrom has been taken; third, That the operations of partition referred to and the other documents connected therewith and the approval of such partition have not been attested by a notary public as required by the law relating to special proceedings approved March 9, 1905; and fourth, That Delfín Vila Santana, in taking part in the deed of partition of property, states that he appears on behalf of his minor children Jaime de Jesús and Amparo Vila y Morales, and it is not stated that he appears in his own right, he being an heir by force of law of his wife, Josefa Morales Muñoz. Caguas, September 23, 1909. S. Abella Bastón, Registrar.''

With regard to the first defect noted by the registrar, the appellants make no objection. Hence it appears that they have impliedly acknowledged that this ground for denying the record sought is well taken.

As a matter of fact it is current doctrine that deeds of partition of the property in themselves only establish the fact that the indivision or community of property among the participants had ceased, but in no wise their rights, and for this reason it has been held that such documents cannot be recorded unless accompanied by the will or a judicial declaration of heirs—that is to say, by the titles establishing the acquisition of the ownership by testate or intestate inheritance—and in this case it does not appear that the widow, Teodosia Muñoz López, had been declared an heir of her husband, Generoso Morales Trigo, notwithstanding the fact that she appeared in the partition as a participant in the property left at his death.

The registrar discusses in the second ground of his decision whether with reference to the rights of succession of the widow the revised Civil Code or the Code previously in force should apply—that is to say, whether her hereditary portion

should be governed by section 821 of the former, as appears to have been done in the partition—or if, on the contrary, it should be governed by article 834 of the Code last above-mentioned. Said official decides in favor of the application of the former Code to deny the record of the deed of partition on this ground also.

The hereditary rights of the appellant estate must arise from the date of the death of its predecessor in interest, Generoso Morales Trigo, because up to that time there was no estate nor any right thereto on the part of the widow and children.

Now then, according to said deed, Generoso Morales Trigo died on April 25, 1902, and the Revised Civil Code went into effect on July 1, 1902, according to the certificate issued by the then Secretary of Porto Rico, Charles Hartzell, which certificate is found at the beginning of the Revised Statutes and Codes of Porto Rico.

So that at the time of the death of Generoso Morales Trigo the former Civil Code was in force and the partition should have conformed thereto in fixing the share of his widow, Teodosia Muñoz López, and in applying the Revised Civil Code, as has been done, rights arising from an act prior to the date it went into effect were governed thereby, and this cannot be admitted under the law, because the first transitory provision of the Revised Civil Code is opposed thereto; and although the right assigned to the widow in the partition is declared for the first time in this body of laws now in force, in which case the latter is applicable, according to aforesaid transitory provision, we must consider the exception it contains with reference to cases where the newly created right is not in conflict with or prejudicial to another right created through the operation of the previous legislation. This is the case with respect to the rights of the legitimate children of Generoso Morales Trigo, coparticipants with the widow in the estate of the latter.

It is one thing for the widow or widower to be entitled

to a part of the estate in usufruct, as prescribed by article 834 of the former Civil Code, and quite another thing to be entitled to one-third of the personal and real property of which the inheritance consists, according to section 821 of the Revised Civil Code. Thus it is clear that the rights of the children are prejudiced.

It has been objected that the partition and division of the estate having been approved by the judge, the registrar did not have the right to classify the title involved herein.

This position taken by the appellants is untenable.

Although the partition and division have been approved judicially, this is not an obstacle to the classification thereof by the registrar before recording the same, as are obligations and declarations embodied in other public and authentic documents, in accordance with the doctrine established in the decisions of June 14, 1897, and June 28, 1899.

With regard to the third ground for the denial of the record, if Rosa María Morales Muñoz died after her father, Generoso Morales Trigo, without leaving any descendants, in order to record the estates in the name of her heir, who is her mother, Teodosia Muñoz López, it is first necessary to record the hereditary property in the name of the deceased, Rosa, before it is recorded in the name of Teodosia, to whom it has been awarded, thus complying with the provisions of the Mortgage Law, the Regulations for its execution, and the decision of the Directorate of Registries and Notarial Offices, cited by the registrar in support of his denial.

The same is the case, as stated in the fourth ground, with regard to the interest awarded to Jaime de Jesús Vila y Morales and to Amparo Vila y Morales, as inherited from their mother, Josefa Morales Muñoz, who died after her father, Generoso Morales Trigo. It is likewise necessary that this hereditary property be first recorded in the name of Josefa, before this is done in the name of Vila Morales, to whom it was awarded.

The appellants allege in paragraphs 6, 7, 8 and 9 of their

notice of appeal, with regard to the last two grounds, that upon the death of the predecessor in interest all his property was in the possession of his brother, Eduardo Morales Trigo, who had, by deed of October 25, 1907, conveyed such property to the said appellants, who had it recorded in undivided form in their respective names under said supplementary title of conveyance, and, therefore, Teodosia Muñoz López and the Vila Morales heirs had their shares in their respective capacities recorded prior to said act of partition in the registry of property under the protection of the said conveyance of October 25, 1907.

But, in furtherance of justice, a second order was issued by this Supreme Court on December 13, 1909, with the following result:

"With regard to the seventh paragraph of said appeal, it is not true that all the property which was recorded in the name of Eduardo Morales y Trigo, and which belonged to Generoso Morales, had been recorded under the deed of October 25, 1907, executed before Notary Ulpiano Valdés Cajas, in favor of the present heirs who are mentioned in the deed of the partition of the property; and, therefore, it is also untrue that Teodosia Muñoz López, by right of representation of her daughter, Rosa María Morales Muñoz, had recorded in her name the rights of her said daughter as her only heir in the ascending line and by virtue of the said deed of October 25, 1907; because some of the said property has been recorded in the name of the estate of Generoso Morales as a provisional record in order later to record the proper deed of partition of property of the predecessor in interest of said estate, Generoso Morales. So that up to the present time no record has been made of the rights of succession in such property which each and every one of the heirs of Generoso Morales, who were living at the time of his death, may have therein, and this is exactly the prior requisite for a record required by article 20 of the Mortgage Law and article 85 of the Regulations for its execution, as well as the decision of the Directorate of Registries and Notarial Offices of November 26, 1875, which are the allegations of law to which the sixth paragraph of said appeal refers.

"With regard to the eighth paragraph of said appeal, Attorney Lorenzo Jiménez repeats the same fact and the same allegation

which he makes in said paragraph seven, and, therefore, said allegation has already been answered and refuted.

"With regard to the ninth paragraph of the said appeal, it refers to the inheritance of Josefa Moralés Muñoz, who died after her father, Generoso Morales Trigo, which it is also sought to record in the name of her children without first recording it in the name of the said Josefa Morales Muñoz, it being likewise untrue that the rights which might accrue to this heir by the death of her father, Generoso Morales, had been recorded in her name, and the answer made to the seventh paragraph of said appeal is likewise applicable hereto."

So, then, the record alleged in the appeal to have been made does not appear from the registry, and therefore the reason alleged by the registrar, in his third and fourth grounds for denying the record, remains in force.

The appellant is right in attacking the curable defect which the registrar notes, namely, that the division and partition, and other documents connected therewith, have not been attested by a notary public, as required by the act relating to special proceedings, approved March 9, 1905.

This act refers to certain operations relative to testate or intestate inheritances made judicially or extra-judicially, but cannot apply to partitions made by a deed executed before a notary who has the right to attest the same and which, on this account, must remain filed in the protocol of the notary before whom the parties thereto appear for the execution thereof and, consequently, have it protocoled.

As will be observed, the decision of the registrar denying the record notes three other curable defects which the appellant estate has not objected to, no doubt because they believe them to be well taken, as we do, and therefore that the registrar is right.

In view of the reasons stated, the decision appealed from

of September 23, 1909, should be affirmed, except as to the curable defect of the nonprotocolization of the private deed.

*Accordingly decided.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.